In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-239 CR


____________________



RICKY LYNN JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 04-03-01819-CR






MEMORANDUM OPINION


 Appellant Ricky Lynn Jones pled guilty to aggravated sexual assault of a child. The
trial court found the evidence sufficient to find Jones guilty, but deferred further proceedings,
placed Jones on community supervision for ten years, and assessed a fine of $1,000. In
February of 2006, the State filed a motion to revoke Jones's unadjudicated community
supervision. Jones pled "true" to numerous violations of the conditions of his community
supervision. The trial court found that Jones had violated the conditions of his community
supervision, found Jones guilty of aggravated sexual assault of a child, and assessed
punishment at confinement for life. Jones filed a motion for new trial, which asserted that
the trial court had erred in assessing punishment without conducting a punishment hearing. (1) 
The trial court granted Jones's motion for new trial, held a punishment hearing, and again
assessed punishment at confinement for life. Jones's appellate counsel filed a brief that
asserts two issues on appeal. Finding no reversible error, we affirm.

Issue One


 In his first issue, Jones contends the trial court denied him due process by refusing to
consider the entire range of punishment and imposing a predetermined punishment. 
Assuming without deciding that Jones preserved error as to his argument in issue one, the
record does not support his claims. As discussed above, the trial court granted Jones's
motion for new trial and conducted a new hearing on punishment. Prior to the hearing, Jones
had signed a stipulation of evidence, in which he stipulated that he had caused the penetration
of the sexual organ of a child under the age of fourteen. At the punishment hearing, the State
asked the trial court to take judicial notice of "the Court's record, the PSI, and all the
information that came in during the adjudication hearing, as well as the evidence." The trial
court agreed to do so, and the State rested. Jones's counsel entered Jones's medical records
into evidence.

 The record reflects that Jones called two witnesses to testify at the punishment
hearing. The record further reflects that the trial court considered Jones's lengthy medical
records. Before pronouncing sentence, the trial court noted that it had read and studied
Jones's medical records "since the Motion for New Trial was granted as to punishment, to
sort of confirm or disaffirm (sic) what needs to be done insofar as Mr. Jones is concerned."
The trial court noted that Jones had pled guilty to the underlying offense, which the trial court
stated was "evil, cruel" and "bordered on satanic." The trial court also discussed Jones's
medical history in detail before imposing a life sentence. Jones argues that the following
question posed by the trial court at the beginning of the second deferred adjudication hearing
supports his argument: "Do you remember me making it very clear to you that if you violated
any terms and conditions of this probation, that the full range of punishment could apply to
you?" This question by the trial court does not demonstrate that the trial court failed to
consider the full range of punishment or imposed a predetermined sentence. See Brumit v.
State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Rather, the trial court's question simply
admonished Jones that the trial court could impose the maximum sentence. The record does
not support Jones's argument. Therefore, we overrule issue one.


Issue Two


 In his second issue, Jones contends that trial counsel was ineffective because counsel
did not seek recusal of the trial judge after the initial adjudication hearing. Specifically,
Jones argues that because the trial judge "basically showed his hand by sentencing [Jones]
to life imprisonment" at the initial adjudication hearing, counsel should have moved to recuse
the judge. To prevail on a claim of ineffective assistance of counsel, appellant must satisfy
a two-pronged test:

 First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth
Amendment. Second, the defendant must show that the deficient performance
prejudiced the defense. This requires showing that counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is reliable.


Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Texas courts have
interpreted Strickland to require appellant to show a reasonable probability that, but for his
counsel's errors, the outcome would have been different. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly
deferential and presumes that counsel's actions fell within the wide range of reasonable and
professional assistance." Id. Appellant must prove there was no plausible professional
reason for specific acts or omissions of his counsel. Id. at 836. Furthermore, "[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999) (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)).

 In this case, the record does not demonstrate that the trial judge was predisposed to
impose the maximum sentence. See Thompson, 9 S.W.3d at 813. The trial court granted
Jones's motion for new trial and conducted a punishment hearing, at which Jones introduced
extensive documentary evidence and testimony from two witnesses. As previously
discussed, nothing in the record demonstrates that the trial judge was biased. See id. 
Therefore, counsel's decision not to seek to recuse the trial judge before the second
adjudication hearing did not constitute ineffective assistance. See Strickland, 466 U.S. at
687; Bone, 77 S.W.3d at 836. We overrule issue two and affirm the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on June 25, 2007

Opinion Delivered July 25, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Jones's motion for new trial did not assert that the trial court erred in deciding to
adjudicate his guilt. Instead, Jones's issue pertained solely to the imposition of punishment
without a hearing.